UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                              Plaintiff,

                -against-

PHILLIP WHITTINGHAM,

                              Defendant.

22-CV-4248 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that, while he was detained at Rikers Island, Defendant

Phillip Whittingham, a mental health doctor, violated his rights. By order dated August 8, 2022,

the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without

prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but

grants Plaintiff sixty days' leave to replead to file an amended complaint.

## STANDARD OF REVIEW

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint using the United States District Court for the Eastern District of New York's form civil rights complaint. He handwrites his responses on the form complaint and includes five additional handwritten pages. Plaintiff's handwriting is difficult to

read, and the Court is therefore unable to discern fully Plaintiff's allegations and the claims he seeks to assert.

To the extent that the Court can decipher Plaintiff's handwriting, he appears to allege that in 2018, when he was released from Sing Sing Correctional Facility, Plaintiff was informed that he had to report to Mount Sinai Hospital for mental health treatment. Plaintiff asserts that he complied and met with his psychiatrist. After several appointments, Plaintiff's diagnosis was changed from "antiosocail [sic] to P.T.S.D. or major depression." (ECF No. 2 at 6.) Plaintiff was arrested on a new charge on August 1, 2019, and he was detained at Rikers Island. While there, Plaintiff learned that at some unspecified time, Defendant Dr. Whittingham had changed his mental health records to reflect "cannabis abuse" as Plaintiff's diagnosis. (*Id.* at 7.)

A review of this court's records reveals that on March 2, 2021, Plaintiff filed an action in this court seeking to hold accountable "Doctor Mrs. Ho," a doctor with the Mental Health Unit at the George R. Vierno Center on Rikers Island, for the alleged incorrect diagnosis of cannabis abuse disorder in his medical records. *See Fredricks v. Whittingham*, ECF 1:21-CV-1855, 2 (S.D.N.Y. Sept. 20, 2021). Plaintiff also alleged that the medical staff at Rikers Island failed to properly communicate with him regarding his mental health treatment. *Id*. By order dated June 17, 2021, the Court: (1) noted that Plaintiff's handwritten statement in that case was difficult to read; (2) dismissed Plaintiff's claims against Dr. Ho and another named defendant; and (3) determined that Plaintiff failed to state an inadequate mental health care claim. The Court granted Plaintiff leave to amend his complaint to state a claim. ECF 1:21-CV-1855, 10. On August 2, 2021, Plaintiff filed an amended complaint naming Dr. Whittingham as the sole defendant and reiterating the same facts as in his original complaint. ECF 1:21-CV-1855, 13. By order dated September 20, 2021, the Court dismissed Plaintiff's amended complaint for his

failure to state an inadequate mental health care claim against Dr. Whittingham. ECF 1:21-CV-1855, 16.

## DISCUSSION

Although the facts from which Plaintiff's claims arose are not clearly stated, he appears to seek to hold Dr. Whittingham liable for the alleged incorrect diagnosis of cannabis abuse disorder in his medical records again and to express his dissatisfaction with the mental health treatment he received when he was detained at Rikers Island. Plaintiff appears to allege substantially similar facts as alleged in the complaint he filed in this court last year.

Because Plaintiff was a pretrial detainee at the time the events giving rise to his claims occurred, the Court evaluates his claims under the Fourteenth Amendment. To state a medical claim under the Fourteenth Amendment, a plaintiff must allege facts suggesting that (1) his medical conditions are sufficiently serious (the "objective element"), and (2) correctional staff acted with at least deliberate indifference to the challenged conditions (the "subjective element"). *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not

actionable under § 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Nor is the negligence of a correction official a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege facts sufficient to suggest that Dr. Whittingham was deliberately indifferent to his mental health needs. Plaintiff does not allege any facts suggesting that he has been denied constitutionally adequate mental health care, and he does not allege any facts suggesting that Dr. Whittingham was deliberately indifferent to any risk of serious harm to his safety or health. Plaintiff appears to again seek to hold Dr. Whittingham liable for the alleged incorrect diagnosis of cannabis abuse disorder in his medical records. *See* ECF No. 2 at 9. But Plaintiff does not allege any facts suggesting that Dr. Whittingham's actions resulted in a substantial risk of serious harm to Plaintiff, or that Dr. Whittingham was deliberately indifferent to any risk of serious harm to his safety or health. *See Darnell*, 849 F.3d at 30. The Court therefore finds that Plaintiff has again failed to state an inadequate mental health care claim under the Fourteenth Amendment against Dr. Whittingham.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can

cure the deficiencies in the complaint, but in an abundance of caution and because Plaintiff's complaint is so difficult to read, the Court grants Plaintiff sixty days' leave to file a further amended complaint alleging facts that state a claim against Dr. Whittingham for constitutionally inadequate mental health care. The amended complaint must contain a short and plain statement showing that he is entitled to relief. The Court strongly encourages Plaintiff to bear in mind the legal principles explained above when preparing the amended complaint.

Plaintiff must provide a short and plain statement of the relevant facts supporting his claim of inadequate mental health care. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting his claim against Dr. Whittingham. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  a description of all relevant events, including what Dr. Whittingham did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

b)  a description of the injuries Plaintiff suffered; and

c)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: why he believes Dr. Whittingham violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff sixty days' leave to allege facts that state a claim for relief against Dr. Whittingham in an amended complaint that complies with the standards set forth above. An Amended Complaint form is attached to this order for Plaintiff's convenience. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4248 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 5, 2022
            New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                         Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____