UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                  Plaintiff,

         -against-

PHILLIP WHITTINGHAM,

                  Defendant.

22-CV-4248 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Coxsackie Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while Plaintiff was detained at Rikers Island, Defendant Phillip Whittingham, a mental health doctor, violated his rights. By order dated August 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### PRIOR ACTION AGAINST DR. WHITTINGHAM

A review of this court's records reveals that, on March 2, 2021, Plaintiff filed an action in this court seeking to hold accountable "Doctor Mrs. Ho," a doctor with the Mental Health Unit at the George R. Vierno Center on Rikers Island, for the alleged incorrect diagnosis of cannabis abuse disorder in his medical records. *See Fredricks v. Whittingham*, ECF 1:21-CV-1855, 2 (S.D.N.Y. Sept. 20, 2021). Plaintiff also alleged that the medical staff at Rikers Island failed to properly communicate with him regarding his mental health treatment. *Id*. By order dated June

17, 2021, the Court: (1) noted that Plaintiff's handwritten statement in that case was difficult to read; (2) dismissed Plaintiff's claims against Dr. Ho and another named defendant; and (3) determined that Plaintiff failed to state an inadequate mental health care claim. The Court granted Plaintiff leave to amend his complaint to state a claim. ECF 1:21-CV-1855, 10. On August 2, 2021, Plaintiff filed an amended complaint naming Dr. Whittingham as the sole defendant and reiterating the same facts as in his original complaint. ECF 1:21-CV-1855, 13. By order dated September 20, 2021, the Court dismissed Plaintiff's amended complaint for his failure to state an inadequate mental health care claim against Dr. Whittingham. ECF 1:21-CV-1855, 16.

## BACKGROUND

Plaintiff filed this complaint on May 23, 2022, using the United States District Court for the Eastern District of New York's civil rights complaint.[2] He handwrote his responses on the form complaint and included five additional handwritten pages. Plaintiff's handwriting was difficult to read, and the Court was therefore unable to discern fully Plaintiff's allegations and the claims he sought to assert.

Plaintiff appeared to allege that in 2018, when he was released from Sing Sing Correctional Facility, Plaintiff was informed that he had to report to Mount Sinai Hospital for mental health treatment. Plaintiff alleged that he complied and met with his psychiatrist. After several appointments, Plaintiff's diagnosis was changed from "antiosocail [sic] to P.T.S.D. or major depression." (ECF No. 2 at 6.) Plaintiff was arrested on a new charge on August 1, 2019,

---

[2] Because Plaintiff, who is incarcerated, filed this complaint without submitting a prisoner authorization, by order dated May 23, 2022, the Court directed Plaintiff to submit a prisoner authorization within 30 days of the date of that order. (ECF No. 3.) Plaintiff complied with the Court's order on June 3, 2022, (ECF No. 4), and by order dated August 8, 2022, the Court granted Plaintiff's request to proceed IFP, (ECF No. 8).

3

and he was detained at Rikers Island. While there, Plaintiff learned that at some unspecified time, Dr. Whittingham had changed his mental health records to reflect "cannabis abuse" as Plaintiff's diagnosis. (*Id.* at 7.)

By order dated December 5, 2022, the Court found that Plaintiff failed to state an inadequate mental health care claim under the Fourteenth Amendment against Dr. Whittingham, (ECF No. 15), and dismissed the complaint for failure to state a claim. The Court granted Plaintiff 60 days' leave to file an amended complaint. (*Id.*)

On January 6, 2023, Plaintiff filed a letter (ECF No. 16) advising the Court that he "submitted a second amended complaint," but the Court's docket did not reflect receipt of Plaintiff's second amended complaint. On January 12, 2023, Plaintiff filed a notice of change of address. (ECF No. 17.)

On January 18, 2023, Plaintiff filed a four-page, 17-paragraph document which was docketed as a letter. (ECF No. 18.) On the same date, Plaintiff filed a four-page, 15-paragraph document, captioned as "Second Amended Complaint," but originally docketed as a letter. (ECF No. 19.) Two days later, on January 20, 2023, Plaintiff filed a notice of interlocutory appeal (ECF No. 20), and a letter (ECF No. 21), informing the Court that he had submitted two second amended complaints, one with 15 paragraphs and the other with 17 paragraphs, but that he wished to proceed with the 15 paragraphs. At the time, because Plaintiff's case was on appeal, this Court did not take any action during the pendency of the interlocutory appeal.

By Mandate issued on June 15, 2023, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal (ECF No. 23), and the Court now considers Plaintiff's 15-paragraph Second Amended Complaint (ECF No. 19.)

Plaintiff reiterates the same facts from the original complaint. Plaintiff again alleges that there was a change in his diagnosis from antisocial disorder to PTSD. He asserts that, after he was arrested in August 2019 and returned to Rikers Island, he discovered that his medical records contained a diagnosis of cannabis abuse disorder although he had never used drug. Plaintiff blames Defendant Whittingham for the alleged incorrect diagnosis of cannabis abuse, and he seeks $315,000 in monetary damages.

## DISCUSSION

Plaintiff's second amended complaint fails to remedy the deficiencies that the Court found in the original complaint and in his prior action against Dr. Whittingham. Plaintiff seeks to hold the doctor liable for the alleged incorrect diagnosis of cannabis abuse disorder in Plaintiff's medical records, but he does not allege any facts suggesting that Dr. Whittingham's alleged actions resulted in a substantial risk of serious harm to him, or that Defendant or any other prison official was deliberately indifferent to any risk of serious harm to Plaintiff's safety or health. *See Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017). Accordingly, Plaintiff has not suggested that Dr. Whittingham was deliberately indifferent to his mental health needs and therefore fails to state a claim for relief against Dr. Whittingham relating to his mental health care on Rikers Island. The Court therefore finds that Plaintiff has failed to state an inadequate mental health care claim under the Fourteenth Amendment's Due Process Clause against Dr. Whittingham.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because fails to state an inadequate mental health care claim against Dr. Whittingham, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 7, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                       Chief United States District Judge